UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TIHEEM WILMER,

                       Plaintiff,

v.                                             1:19-CV-1416
                                             (GTS/TWD)

ALBANY COUNTY POLICE, Narcotic Unit; and
SCOTT GAVENDY,

                       Defendants.
_____

APPEARANCES:

TIHEEM WILMER
  Plaintiff, *Pro Se*
2 Kent Street, 2nd Floor
Albany, New York 12208

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

Currently before the Court, in this *pro se* civil rights action filed by Tiheem Wilmer ("Plaintiff") against the Albany County Police and Scott Gavendy ("Defendants") asserting claims of excessive force and unreasonable search, is United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that certain claims Plaintiff's Complaint be *sua sponte* dismissed with prejudice, while other claims in the Complaint be *sua sponte* dismissed without prejudice and with leave to replead, pursuant to 28 U.S.C. § 1915(e). (Dkt. No. 6.) Plaintiff has not submitted an Objection to the Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks'

thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation.[1] Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court adds only one minor point.

Although Magistrate Judge Dancks recommended that the various claims in the Complaint be dismissed without prejudice and that Plaintiff be permitted to amend those claims, the Court respectfully construes this recommendation as one that those claims be dismissed with prejudice unless Plaintiff successfully amends those claims. This is because the Court has difficulty understanding how, if it were to dismiss the Complaint now, it could properly be said to retain jurisdiction over the action so as to enable Plaintiff to file an Amended Complaint.[2]

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

[2] After all, federal district courts possess subject-matter jurisdiction over actions, which is generally lost after the dismissal of the operative complaints in those actions, except with regard to ancillary jurisdiction over certain collateral matters (such as the award of attorney's fees and costs, the imposition of Rule 11 sanctions, and the enforcement of compliance with the terms of a settlement agreement that has been made part of the order of dismissal). The filing of a new operative pleading does not appear to be a collateral matter: rather, it appears to be what does or does not confer federal jurisdiction on the district court. Furthermore, the Court respectfully believes that acting as though it retains non-ancillary jurisdiction over a complaint-free action is not only unnecessary but confusing (e.g., often misleading a litigant or even a district court into believing that an action was dismissed pursuant to Fed. R. Civ. P. 41[b] and not Fed. R. Civ. P. 12[b][6] for purposes of 28 U.S.C. § 1915[g] after a plaintiff failed to comply with a court order to file an amended complaint correcting the

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks Report-Recommendation (Dkt. No. 6) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the claims in Plaintiff's Complaint (Dkt. No. 1) against the Albany County Police **are DISMISSED with prejudice EXCEPT** to the extent that Plaintiff wishes to assert those claims against the appropriate municipal entity as the real party in interest, which Plaintiff shall have an opportunity to do in the Amended Complaint that is discussed in the following paragraph; and it is further

**ORDERED** that the remaining claims in Plaintiff's Complaint, which are asserted against Scott Gavendy, **shall be DISMISSED with prejudice** and without further Order of this Court **UNLESS**, within **THIRTY (30) DAYS** from the date of this Decision and Order, Plaintiff files an **AMENDED COMPLAINT** that corrects the pleading defects identified in those claims; and it is further

**ORDERED** that, should Plaintiff file such a timely Amended Complaint, it will be referred to Magistrate Judge Dancks for her review.

Dated: January 13, 2020
Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

pleading defects in an original complaint). *Logan v. Town of Windsor*, 18-CV-0593, 2018 WL 3853996, at *1 & n.3 (N.D.N.Y. Aug. 14, 2018) (Suddaby, C.J.); *compare Bermudez v. Rossi*, 07-CV-0367, 2008 WL 619170, at *3 (N.D.N.Y. March 3, 2008) (Kahn, J., adopting report-recommendation of Homer, M.J..) (finding that such a dismissal is a "strike") *with Toliver v. Colvin*, 12-CV-0227, 2016 WL 11258222, at *8 (W.D.N.Y. Sept. 28, 2016) (Foschio, M.J.) (finding that such a dismissal is not a "strike"), adopted on other grounds, 2017 WL 547963, at *2 (W.D.N.Y. Feb. 10, 2017) (Vilardo, J.).